UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHN MODENA,

      Petitioner,

                                    Case No. 1:13-cv-293
v.                                    Hon. Robert J. Jonker

UNITED STATES OF AMERICA,

      Respondent.
                             /

**REPORT AND RECOMMENDATION**

In 2009, Michael J. Modena was convicted and sentenced for unlawfully possessing firearms and ammunition by a felon contrary to 18 U.S.C. § 922(g)(1). *See United States v. Modena*, 1:09-cr-37. On May 7, 2012, Modena filed a "Writ of Habeas Corpus under Article One Section Nine Clause Two of the Organic Constitution" in his criminal action, which the Clerk's Office docketed as a "Notice." *Id.* (docket no. 371). Modena subsequently filed the present action in an apparent attempt to enforce that writ. *See* Petition (docket no. 1). This matter is now before the Court on Modena's Petition, and his related motion for an order to show cause (docket no. 5), motion for a temporary restraining order (docket no. 13) and petition for summary judgment (docket no. 21).

      **I.**      **Background**

      **A.**      **Modena's conviction, appeal and motion to vacate his conviction**

On November 18, 2009, a jury convicted Modena on two counts of criminal conduct. *See United States v. Modena*, 1:09-cr-37 (Jury Verdict) (docket no. 129). In Count I, petitioner was convicted of unlawful possession of firearms and ammunition by a previously convicted felon

contrary to 18 U.S.C. § 922(g)(1). *Id.* In Count II, petitioner was convicted of unlawful possession of firearms and ammunition by a previously convicted domestic violence misdemeanant contrary to 18 U.S.C. § 922(g)(9). *Id.* The government subsequently moved to vacate the judgment on Count II on grounds of double jeopardy, which the Court granted on February 24, 2010. *Id.* (Order) (docket no. 156). On March 18, 2010, the Court sentenced petitioner on Count I to a term of seventy-two months imprisonment and supervised release for a term of three years. *Id.* (Judgment) (docket no. 178).

Modena appealed. In *United States v. Michael J. Modena*, No. 10-1377 (6th Cir. July 14, 2011), the Sixth Circuit affirmed his conviction and sentence. *See United States v. Modena*, 430 Fed. Appx. 444 (6th Cir. 2011).[1] Modena then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.SC. § 2255, which this Court denied on September 30, 2011. *See Modena*, No. 1:09-cr-37 (Order Sept. 30, 2011) (docket no. 323). Modena appealed, and the Sixth Circuit denied his application for a certificate of appealability. *United States v. Modena*, No. 11-2299 (6th Cir. Feb. 28, 2012)[2].

**B.    Modena's litigation in the Sixth Circuit**

Since the commencement of the government's prosecution, Modena has contested this Court's decisions with meritless motions, actions for mandamus filed in the Sixth Circuit and various collateral attacks.

---

[1] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 285).

[2] A copy of the Sixth Circuit's order appears in Modena, No. 1:09-cr-37 (docket no. 368).

In *In re: Michael John Modena*, No. 09-1197 (6th Cir. May 11, 2009), the Sixth Circuit denied Modena's writ of mandamus to compel the district judge to comply with the Supreme Court's decision in *Norton v. Shelby County*, 118 U.S. 426 (1886).[3]

In *In re: Michael John Modena*, No. 09-1910 (6th Cir. Nov. 12, 2009), the Sixth Circuit denied Modena's writ of mandamus to direct the trial court to remove his counsel from the case and to dismiss the charges against him.[4]

In *United States v. Michael J. Modena*, No. 10-1377 (6th Cir. Sept. 14, 2010), the Sixth Circuit denied Modena's motions for release on bail.[5]

In *In re: Michael J. Modena*, No. 10-1855 (6th Cir. Sept. 24, 2010), the Sixth Circuit denied Modena's *pro se* "Application for Writ of Mandamus to Issue," in which he charged the district court of "'losing, misplacing, hide-ing [sic]' the tapes of conversations and beatings during his arrest." [6]

In *United States v. Michael J. Modena*, No. 10-1865 (6th Cir. Dec. 29, 2010), the Sixth Circuit granted the government's motion to dismiss petitioner's appeal regarding the forfeiture of petitioner's firearms and ammunition as untimely.[7]

Approximately two months later, the Sixth Circuit dismissed another appeal in *United States v. Michael J. Modena*, No. 10-2517 (6th Cir. Feb. 22, 2011) for lack of prosecution.[8]

---

[3] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 43).

[4] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 123).

[5] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 252).

[6] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 254).

[7] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 260).

[8] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 261).

In *United States v. Michael J. Modena*, No. 10-1939 (6th Cir. June 6, 2011), the Sixth Circuit affirmed the district court's denial of four post-trial motions filed by petitioner *pro se* because "the district court was prohibited from entertaining the motions and properly denied them."[9]

In *United States v. Michael J. Modena*, No. 10-1804 (6th Cir. Aug. 8, 2011), the Sixth Circuit affirmed the district court's denial of five post-trial motions.[10] (docket no. 293).

In *In re: Michael J. Modena*, No. 11-1715 (6th Cir. Aug. 25, 2011), the Sixth Circuit denied Modena's petition for a writ of mandamus or prohibition directing his release from prison and to have the United States Attorney for the Western District of Michigan transferred from that jurisdiction, stating in part:

> Modena has not demonstrated a clear and indisputable right to release from custody. To the extent that he has any legitimate challenges to his incarceration, they can be raised in the § 2255 motion pending in the district court. In addition, we find no support for Modena's request for the transfer of the United States Attorney.

*In re: Michael J. Modena*, No. 11-1715 (6th Cir.), slip op. at p. 2.[11]

In *In re: Michael J. Modena*, No. 12-1005 (6th Cir. March 23, 2012), the Sixth Circuit denied as moot Modena's petition for a writ of mandamus to compel the district court to rule on his motion for a reduction of sentence.[12]

In *In re: Michael J. Modena*, No. 12-1175 (6th Cir. Aug. 9, 2012), the Sixth Circuit addressed Modena's writ of mandamus seeking reversal of his conviction because the district court

---

[9] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 278).

[10] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 293).

[11] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 309).

[12] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 366).

4

prohibited him from effectively representing himself during his underlying proceedings. In denying Modena's petition, the Sixth Circuit stated in pertinent part:

> Mandamus relief is not available when petitioners have an "adequate alternative means to obtain the relief they seek." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078 (6th Cir. 1996) (internal quotation marks omitted). The writ is not intended to be a substitute for an appeal after a final judgment has been entered. *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 323 (6th Cir. 2009). Modena could have challenged his conviction on this basis in either his direct appeal or his post-conviction motions. Because Modena had adequate alternative remedies available to him, his request for mandamus relief is inappropriate.

*In re: Michael J. Modena*, No. 12-1175 (6th Cir.).[13]

In *In re: Michael J. Modena*, No. 12-2608 (6th Cir. March 16, 2013), the Sixth Circuit denied Modena's petition for writ of mandamus, in which he claimed that the criminal judgment against him was void and sought an order directing the Assistant United States Attorney who prosecuted the 2009 criminal action to show cause as to his authority to do so. After denying the petition, the Sixth Circuit found that Modena had abused the judicial process and revoked his ability to file *in forma pauperis* original actions stating in pertinent part:

> Modena has filed numerous frivolous petitions for a writ of mandamus arising from the 2009 criminal action. Modena did not pay the filing fee for these original actions, and in most cases he sought leave to proceed *in forma pauperis*. In the instant action, he also filed excessive supplements to the petition and many motions requesting a wide range of additional relief. Consideration of each of Modena's original actions and motions requires the court to expend portions of its limited resources. As a court, we have a responsibility "to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of [Modena's] frivolous requests for extraordinary writs does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam).
>
> As a result of Modena's filing of excessive, repetitive original actions and motions, most of which seek relief that had previously been denied, we conclude that Modena has abused his access to this court's docket. As a sanction, Modena is

---

[13] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 380).

precluded from filing any original actions in this court pertaining to the 2009 criminal action without the prepayment of the filing fee. *See In re Vey*, 520 U.S. 303, 304 (1997) (per curiam); *In re Sindram*, 498 U.S. 177[,] 179-80 (1991) (per curiam); *McDonald*, 489 U.S. at 184-85; *In re Elbey*, No. 11-3597 (6th Cir. Aug. 5, 2011) (order); *In re Braggs*, No. 06-3372 (6th Cir. Jun. 7, 2006) (order).

* * *

It is **ORDERED** that the clerk not accept from Modena any future original actions, e.g., petitions for a writ of mandamus, prohibition, and coram nobis, or any other similar petition for extraordinary relief, pertaining to the 2009 criminal action, unless such action is accompanied by the full payment of the appropriate filing fee, which at this time is $450. Any such submission to the court not accompanied by the required filing fee will be returned to Modena undocketed.

*In re Modena*, No. 12-2608 (6th Cir.), slip op. at pp. 2-3.[14]

On May 14, 2013, this Court transferred a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 to the Sixth Circuit. *See Modena*, 1:09-cr-37 (Order) (docket no. 436). This case is pending in the Sixth Circuit. *See In re: Michael Modena*, No. 13-1691 (6th Cir.).

### C. Modena's previous application for a "Writ of Habeas Corpus at Article One, Section Nine, Clause Two of the Organic Constitution" filed in the Third Circuit

Modena attempted to raise a similar habeas claim in the Western District of Pennsylvania, filing a document entitled "Petition for Writ of Habeas Corpus at Article One, Section Nine, Clause Two of the Organic Constitution." *See Modena v. United States*, 450 Fed. Appx. 119, 120 (3d Cir. 2011). In that case, the Third Circuit rejected Modena's claim, stating that such a claim is properly raised in a motion brought pursuant to § 2255:

Modena is presently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. In November 2009, he was convicted of possession of a

---

[14] A copy of the Sixth Circuit's order appears in *Modena*, No. 1:09-cr-37 (docket no. 430).

6

> firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Western District of Michigan and was sentenced to seventy-two months of imprisonment. In July 2011, the United States Court of Appeals for the Sixth Circuit affirmed Modena's judgment of conviction and sentence. *See United States v. Modena*, 430 Fed.Appx. 444 (6th Cir. 2011).
>
> Before the Sixth Circuit issued its decision however, Modena filed a document in the United States District Court for the Western District of Pennsylvania titled "Petition for Writ of Habeas Corpus at Article One, Section Nine, Clause Two of the Organic Constitution." In the pleading, Modena claimed that his conviction and sentence were infirm on numerous grounds. Adopting the Magistrate Judge's recommendation, the District Court denied the petition, concluding that Modena's claims should have been raised in a motion pursuant to 28 U.S.C. § 2255 filed in the United States District Court for the Western District of Michigan. Modena timely appealed.
>
> \* \* \*
>
> We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. A motion pursuant to 28 U.S.C. § 2255 filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343-44, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997). Modena has not shown that such a motion would be inadequate to address his claims. Therefore, the District Court properly determined that Modena's claims should have been raised via a § 2255 motion filed in the United States District Court for the Western District of Michigan.

*Id.* (footnote omitted).

### II. Modena's present application for an "Organic Writ" or "Great Writ"

Having failed to obtain a reversal of his conviction and sentence on direct appeal, collateral attacks and original actions filed in the Sixth Circuit, Modena has filed the present petition for habeas relief in this Court. Modena makes it clear that his present action is not brought under the statutory procedure for habeas relief as provided in 28 U.S.C. §§ 2255 or 28 U.S.C. § 2241. Rather, Modena claims that the operative statutes regulating habeas relief were not enacted by a "quorum" of Congress and that he is proceeding under an "Organic Writ" or "Great Writ" as set

7

forth in the United States Constitution. Modena sets forth his interpretation of habeas corpus law as it relates to the present "Writ":

> In this matter the issuance of the Writ of Habeas Corpus application done by a pro per litigator, it is important to note that the Organic Writ is under Article One of the Constitution. It is not the Executive level 28 USC § 2241Second Branch of the U.S. Government Administrative level writ for officers and employees or elected officials of the United States.
>
>       \*   \*   \*
>
> The Petitioner denies that he is serving a sentence of Death Penalty for AEDPA applications. The Writ is not a 28 USC § 2255, motion.
>
> The Petitioner denies he is locked up legally on a Title 18 criminal code offense when there is no proof Title 18 USC was enacted by a quorum of U.S. Congressmen in assembly . . .
>
> Under the sincere belief standard this Petitioner also finds that Title 28 U.S.C. was not enacted by a "QUORUM" either. Thus, when a federal judge isolates post-conviction relief-collateral-attacks to administrative executive branch writs (i.e.) 28 USC § 2255's, and/or 28 USC § 2241's, such Judge blocks access to the Extraordinary Great Writ of [800] years precedent.
>
> There is no statute of limitations on the Great Writ's application when Constitutional claims are in effect. Either the text of the Constitution of the U.S.A. is the Supreme Law of the Land or the Constitution has been suspended under a directive to activate Martial law.
>
> The Petitioner finds that Martial law has not been activated.
>
> Therefore, when the Great Writ was submitted by filing dated 04/30/2012, there was no mandate to submit the same on a pre-printed form such as a § 2241.
>
> The Petitioner's Docket <u>371</u> Writ is by Article One Constitutional text and even the Clerk(s) reading this, is under "oath" of office and subject to standards in <u>5-CFR- § 2635.101</u> Ethical Standards.

Petition ("Notice of Praecipe to the Clerk of Court on Great Writ of Habeas Corpus") (docket no. 1) (brackets and underlining in original).

Modena's present petition for habeas relief to enforce his home-made "Organic Writ" is frivolous. In *United States v. Kirkpatrick*, No. 1:96-cr-81, 2009 WL 2823658 (E.D. Tenn. Aug. 28, 2009), the court provided a comprehensive and persuasive explanation of why federal courts lack jurisdiction to entertain such "writs" which demand relief based upon Article I, § 9 of the Constitution:

> Federal courts are not courts of general jurisdiction. Federal courts are courts of limited jurisdiction, and they possess only the jurisdiction and powers authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir.2001); *Douglas v. E.G. Baldwin & Associates, Inc.*, 150 F.3d 604, (6th Cir.1998).
>
> This limited jurisdiction cannot be expanded by judicial decree. *Kokkonen*, 511 U.S. at 377; *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is presumed that a cause of action lies outside this limited jurisdiction. Because [the federal prisoner] is the party seeking to invoke this Court's jurisdiction, he bears the burden of rebutting the presumption and establishing jurisdiction. *Kokkonen*, 511 U.S. at 377; *Fisher*, 249 F.3d at 444; *Douglas*, 150 F.3d at 606. The first and most fundamental question presented by every case brought to federal court is whether the court has jurisdiction to hear and adjudicate the case. *Caudill v. North American Media Corp.*, 200 F.3d 914, 916 (6th Cir.2000); *Douglas*, 150 F.3d at 606-07.
>
> The writ of habeas corpus existed in English common law several centuries ago. By the time the American Colonies achieved their independence from England after the Revolutionary War, habeas corpus had become an integral part of our American common-law heritage. The writ of habeas corpus was part of our common law antecedent to the United States Constitution. *Rasul v. Bush*, 542 U.S. 466, 473-74, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004); *Preiser*, 411 U.S. at 484-85. Moreover, the writ of habeas corpus is explicitly recognized in Article I, Section 9, Clause 2 of the Constitution. *Rasul*, 542 U.S. at 474; *Preiser*, 411 U.S. at 485.
>
> To understand and determine the meaning of the term "habeas corpus" and the appropriate use of the writ of habeas corpus in the federal courts, we look to the common law, and the history and general principles of habeas corpus practice in England and the United States, together with decisions of the United States Supreme

9

Court that have interpreted and applied the common-law principles which define use of the writ of habeas corpus. 39 C.J.S. *Habeas Corpus* § 251.

But this does not necessarily lead us to jump to the unwarranted conclusion that federal district courts have the inherent jurisdiction under the Constitution and common law to issue "original" writs of habeas corpus without being bound by the standards of review and limits on jurisdiction provided in the applicable habeas statutes enacted by Congress. In determining the proper source and scope of this Court's jurisdiction to issue writs of habeas corpus, [the federal prisoner] misconceives and fails to understand the true scope of jurisdiction authorized by Article III of the Constitution, and the constitutional authority of Congress to enact statutes that confer and limit the habeas jurisdiction of federal district courts.

There is no provision in the Constitution that expressly grants federal district courts any jurisdiction to issue writs of habeas corpus in the absence of a statute enacted by Congress authorizing such jurisdiction. The general power to issue a writ of habeas corpus is given to federal courts only by implication in the Constitution. *Shirakura v. Royall*, 89 F.Supp. 713, 714 (D.C.D.C.1949). The use of the writ of habeas corpus as an incident of the judicial power of federal courts is implicitly recognized in Article I, § 9, Clause 2 of the Constitution which places a limit on when the privilege of the writ of habeas corpus may be suspended. However, Article I, § 9, Clause 2 is not itself an independent source of jurisdiction for federal courts to issue the writ of habeas corpus.

The jurisdiction of federal courts originates in Article III, Section 1 of the Constitution which provides in part: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." *See Douglas*, 150 F.3d at 607. Article III, Section 2 of the Constitution creates and establishes the boundaries for the limited jurisdiction of the federal courts. Within the boundaries of jurisdiction provided in Article III, Section 2, Congress has considerable discretion in controlling and limiting the scope of jurisdiction of the lower federal courts. *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1146-47 (6th Cir.1975); 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3526 (1984).

Article I, Section 8, Clause 9 of the Constitution provides that Congress has the power to "constitute Tribunals inferior to the supreme Court." The Constitution does not require or mandate that Congress create federal courts that are inferior to the Supreme Court. Rather, Congress has the power and discretion to create lower federal courts such as the United States District Courts and the Courts of Appeal if it so chooses, but Congress is not required to do so.

Congress has the power to authorize and set limits on the jurisdiction that the lower federal courts may exercise under Article III of the Constitution. When

Congress exercises its discretionary power to create lower federal courts, Congress is not required to invest lower federal courts with all of the jurisdiction that it is authorized to bestow under Article III of the Constitution. *Ankenbrandt v. Richards*, 504 U.S. 689, 697, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Palmore v. United States*, 411 U.S. 389, 401, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973). Congress has the power under the Constitution to invest the lower federal courts with such jurisdiction as Congress deems necessary, as long as the jurisdiction conferred by Congress is consistent with and does not exceed the judicial authority provided in Article III of the Constitution.

In the exercise of its constitutional powers to create lower federal courts, Congress may invest them with jurisdiction, either limited, concurrent or exclusive, and withhold jurisdiction from them in the exact degrees and character which Congress deems proper. *Ankenbrandt*, 504 U.S. at 698; *Insurance Corp. of Ireland*, 456 U.S. at 701 (Jurisdiction of the lower federal courts is limited to those subjects encompassed within a statutory grant of jurisdiction authorized by Congress); *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 371-72, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (The jurisdiction of federal courts is limited not only by Article III of the Constitution, but also by Acts of Congress); *Palmore*, 411 U.S. at 401; *Kline v. Burke Construction Co.*, 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Cary v. Curtis*, 3 How. 236, 245, 11 L.Ed.2d 576 (1845); *Malamud*, 521 F.2d at 1146-47 (Although the judicial power and jurisdiction of the federal courts is provided in Article III of the Constitution, it remains for Congress to allocate this judicial power; to grant or withhold from the federal courts jurisdiction in specific types of cases); *Shirakura*, 89 F.Supp. at 714-15 ("The jurisdiction of a federal district court or judge is exactly that conferred by Congress, no more, no less.").

Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other lower, inferior federal court created by Congress derives its jurisdiction from the authority of Congress. Congress may give, withhold or restrict jurisdiction for the lower federal courts at its discretion, provided that the jurisdiction conferred by Congress does not exceed the boundaries fixed by Article III of the Constitution. *Kline*, 260 U.S. at 234. The Constitution simply gives to the lower federal courts the capacity to take jurisdiction in the cases enumerated in the Constitution, but it requires an act of Congress to confer jurisdiction on the lower federal courts. *Id.*; *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed. 851 (1868).

With regard to the lower federal courts, two things are necessary to create jurisdiction, whether original or appellate jurisdiction. Article III of the Constitution must give the lower federal courts the capacity to take jurisdiction, and an act of Congress must authorize and supply the jurisdiction. To the extent that Congress does not act to confer jurisdiction on the lower federal courts, "the power lies dormant." *Finley v. United States*, 490 U.S. 545, 548, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989); *The Mayor*, 6 Wall. 247, 252, 18 L.Ed. 851.

The Supreme Court has long recognized that "for the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law." *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 93, 2 L.Ed.2d 554 (1807); *see also Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *Carbo v. United States*, 364 U.S. 611, 614, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961); *Souter v. Jones*, 395 F.3d 577, 597 (6th Cir.2005). Decisions about the proper scope of the writ of habeas corpus are "normally for Congress to make." *Lonchar v. Thomas*, 517 U.S. 314, 323, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996); *see also Felker*, 518 U.S. at 664; *Souter*, 395 F.3d at 597.

In *Bollman*, the Supreme Court recognized that the Constitution alone does not give federal courts the power and authority to grant writs of habeas corpus, therefore, the Suspension of Habeas Corpus Clause in Article I, Section 9, Clause 2 of the Constitution was not effectual until Congress by statute gave federal courts the power to issue writs of habeas corpus. Federal courts under the Constitution do not retain some form of residual common law authority and jurisdiction to issue writs of habeas corpus. *Bollman*, 8 U.S. (4 Cranch) at 94-95, 2 L.Ed.2d 554.

By enacting 28 U.S.C. §§ 2241 and 2255, Congress has given the federal courts jurisdiction to grant applications for habeas corpus by persons who claim to be held in custody in violation of the United States Constitution or federal laws. *Rasul*, 542 U.S. at 473. The scope of the jurisdiction and authority of the federal district courts to issue writs of habeas corpus to federal prisoners is governed by 28 U.S.C. §§ 2241 and 2255.

28 U.S.C. § 2241 traces its ancestry back to the initial grant of federal-court jurisdiction by Congress. In the Judiciary Act of 1789, the first Congress authorized the federal courts to hear applications for habeas corpus for the purpose of an inquiry into the cause of commitment when a prisoner is "in custody under color of the authority of the United States, or committed for trial before some court of same." Act of Sept. 24, 1789, Ch. 20 § 14, 1 Stat. 81. This provision in the Judiciary Act of 1789 is the direct ancestor of 28 U.S.C. § 2241(c)(1) which today uses almost identical language. *Rasul*, 542 U.S. at 473; *Felker*, 518 U.S. at 659 and n. 1.

For federal prisoners the common law writ of habeas corpus is now codified in and governed by 28 U.S.C. § 2255. *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *McDonald*, 2009 WL 1034950, at * 3; *Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir.2003); *see also Kaufman v. United States*, 394 U.S. 217, 221-22, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Sanders v. United States*, 373 U.S. 1, 12-13, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Congress has exercised its power under the Constitution to place certain limits and restrictions on the jurisdiction of federal courts to adjudicate a federal prisoner's application for post-conviction writ of habeas corpus. 28 U.S.C. §§ 2244 and 2255.

28 U.S.C. § 2255 is the primary avenue for a federal prisoner to seek post-conviction habeas relief by challenging his judgment of conviction or sentence. *Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 755-56. Moreover, 28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, **except as provided in Section 2255**." (Emphasis supplied). [The federal prisoner's] first § 2255 motion for post-conviction relief was denied by this Court. 28 U.S.C. § 2244(a) provides that in order to file an application for writ of habeas corpus, Kirkpatrick is required to proceed under 28 U.S.C. § 2255.

Accordingly, [the federal prisoner's] first petition will be denied on the ground of lack of jurisdiction. In the absence of either a valid motion under 28 U.S.C. § 2255 or an application for writ of habeas corpus under 28 U.S.C. § 2241, this Court lacks jurisdiction to grant post-conviction relief and issue a writ of habeas corpus to [the] federal prisoner []. This District Court does not have jurisdiction to issue an "original" writ of habeas corpus based solely on the United States Constitution which is outside of and beyond the jurisdiction conferred Congress pursuant to 28 U.S.C. §§ 2241 and 2255. Furthermore, based on *Felker*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827, this Court also concludes that the gatekeeping provisions in 28 U.S.C. §§ 2244 and 2255(h) that restrict and impose reasonable limits on the right of federal prisoner Kirkpatrick to file a second or successive § 2255 motion do not amount to a suspension of the writ of habeas corpus in violation of Article I, § 9, Clause 2 of the United States Constitution.

*Kirkpatrick*, 2009 WL 2823658 at *10-*14.[15]

For the reasons as discussed in *Kirkpatrick*, this Court lacks jurisdiction to entertain Modena's petition for issuance of an "Organic" or "Great" writ of habeas corpus. Accordingly, Modena's petition should be denied. Because the petition is without merit, Modena's related motions for an order to show cause (docket no. 5) and for a temporary restraining order (docket no. 13) should be denied as moot.

---

[15] The Court notes that the author of the *Kirkpatrick* opinion, Judge R. Allen Edgar of the Eastern District of Tennessee, is now a Senior Judge in the Western District of Michigan.

### III. Recommendation

For these reasons, I respectfully recommend that Modena's Petition for writ of habeas corpus be **DISMISSED** and that the related motions for an order to show cause (docket no. 5) and for a temporary restraining order (docket no. 13) be **DENIED** as moot.

Dated: February 24, 2014 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).