UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHN MODENA,

       Petitioner,　　　　　　　　　　　　　　Case No. 1:13-CV-293

v.　　　　　　　　　　　　　　　　　　　　HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Michael Modena, has filed an Objection (docket #25) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued February 24, 2014 (docket #24). The Report and Recommendation recommends that this Court deny Modena's habeas petition for lack of jurisdiction. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a *de novo* review of the Report and Recommendation, Modena's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation and deny Modena's habeas petition.

### I. Modena's Objections

Modena makes one specific and one general objection: (1) the petition is defaulted in Modena's favor because the magistrate judge failed to issue a Report and Recommendation within 21 days, and (2) the Court has jurisdiction to address his petition.

Modena first objects that his petition is defaulted in his favor because the magistrate judge failed to an issue a recommendation within 21 days. Modena cites no authority for his objection and the Court finds none. The objection is overruled.

Second, Modena objects generally to the magistrate judge's recommendation that the petition should be dismissed for lack of jurisdiction. The Sixth Circuit has held that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"). With respect to Modena's general objection that the Court has jurisdiction, it is insufficient to enable the Court to "to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. Moreover, to the extent that Modena's general objection raises any specific issue, it in no way undermines the magistrate judge's analysis demonstrating why this case is simply another in a long line of meritless attempts by Modena to challenge his federal conviction and sentence. It is therefore overruled.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Modena's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Modena's claims was debatable or wrong. Thus, the Court will deny Modena a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Modena's objections (docket #25) are overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation (docket #24) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Modena's motion for order to show cause (docket #5) is **DISMISSED AS MOOT**.

A separate judgment will issue.


Dated: March 21, 2014 /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE